# Williams *v.* The State.

*Scire Facias against Bail, on Forfeited Recognizance.*

1. *Undertaking of bail, on suspension of judgment of conviction pending error or appeal.*.—When a judgment of conviction in a criminal case is suspended, because legal questions have been reserved for the decision of this court, and the defendant gives bail for his appearance at the next term to "abide the

[Williams v. The State.]

judgment rendered" (Rev. Code, § 4305), the legal effect of the undertaking is, that the defendant shall appear, not only at the next succeeding term, but at any subsequent term to which the case may be continued until decided by the appellate court.

2. *Same; variance.*—In *scire facias* against bail on a forfeited recognizance, if the undertaking of bail is described in the judgment *nisi* according to its legal effect, though not according to its literal terms, there is no such variance as will support a plea of *nul tiel record*, or a demurrer to the *sci. fa.* setting out the undertaking on oyer.

3. *Same; what will discharge bail, and how pleaded.*—If the undertaking of bail, instead of being conditioned as required by the statute, is conditioned for the defendant's appearance at the next term, "to abide the judgment rendered *at this term*," the reversal of that judgment by the apppellate court would probably discharge the sureties; but this defense must be set up by the plea of *nul tiel record*, craving oyer of the undertaking, and sustained by evidence from the record, and cannot be taken by demurrer to the *sci. fa.*

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

At the April term of said court, 1875, the appellants in this case entered into a recognizance, or undertaking, in these words: "Know all men by these presents, that we, Oscar Youngblood, and J. H. Williams, Peter Hough, Henry Bush, S. J. Williams, acknowledge ourselves to be indebted to the State of Alabama, in the sum of five hundred dollars; to be void upon the condition that the said Oscar Youngblood and J. H. Williams shall appear at the next term of the Circuit Court of Pike county, and abide the judgment rendered at this, the Spring term, 1875, of the Circuit Court of said county, in the case of *The State of Alabama v. Oscar Youngblood and J. H. Williams*, for the sum of one hundred dollars each, for the fine on an indictment preferred against them at the Fall term of said court, 1873, for petit larceny. In witness whereof," etc.

The undertaking was approved by the presiding judge on the day of its date; and at the April term, 1876, a conditional judgment was rendered on it, in the following words: "On this, the 17th April, 1876, comes the solicitor, who prosecutes for the State; and it appearing to the court that the said J. H. Williams, Oscar Youngblood, Peter Hough, Henry Bush, and S. J. Williams agreed to pay the State of Alabama five hundred dollars, unless the said J. H. Williams and Oscar Youngblood appeared at this term of the court, to answer in this case; and the said J. H. Williams and Oscar Youngblood having failed to appear: It is therefore ordered, that the State of Alabama, for the use of Pike county, recover of the said Oscar Youngblood, J. H. Williams, Peter Hough, Henry Bush, and S. J. Williams, on said undertaking, the sum of five hundred dollars, unless they appear at the next term of this court, and show cause why this judgment should not be made absolute."

[Williams v. The State.]

A *scire facias*, in the usual form, was issued on this judg-
ment, setting out a copy of it; and the *sci. fa.* was returned
executed as to S. J. Williams and Henry Bush, and not
found as to the other defendants. At the ensuing Decem-
ber term, 1876, to which the *sci. fa.* was returnable, the said
S. J. Williams and Henry Bush appeared, as the bill of ex-
ceptions states, "and pleaded *nul tiel record* as to the bond
on which the proceeding was instituted; whereupon the so-
licitor for the State, in answer to said plea, introduced in
evidence the following bond," setting it out as above copied.
"Upon inspection of said bond, the court overruled said plea;
to which the defendants excepted. The defendants then
craved oyer of said bond, which was again read in open
court as above set out, and demurred to the *scire facias* in
this cause, on the grounds: 1st, that the same varies from
the bond set out; 2d, because the record in this cause shows
that the said bond has been vacated and annulled by a re-
versal of the judgment therein referred to; 3d, because the
proceedings are unauthorized by law. The court overruled
said demurrers, and gave judgment against all the obligors
on the bond; and the defendants excepted, both to the over-
ruling of the demurrers , and to the judgment rendered."

The following errors are now assigned: "1. The over-
ruling of the plea of *nul tiel record*. 2. The overruling of the
demurrer, as shown by the bill of exceptions. 3. The judg-
ment rendered, as shown by the record. 4. The conditional
judgment fails to specify the charge the defendants were
called on to answer."

Jno. D. Gardner, for the appellants. 1. The judgment
*nisi*, and the *scire facias* thereon, ought each to have shown
the offense which the parties were called on to answer.
*Lindsay & Atkinson v. The State*, 15 Ala. 50; *Cantaline v.
The State*, 33 Ala.; *Fair & Simpson v. The State*, 6 Ala. 786;
cases cited in Brickell's Digest, 209, § 165.

2. The bond is not a statutory bond, and could not be
proceeded on as a statutory bond. *Dover v. The State*, 45
Ala. 244. The sureties had the right to stand on the terms
of their contract. *Gray v. The State*, 43 Ala. 41.

3. The reversal of the judgment rendered at the April
term, 1875, discharged the obligors from all liability on their
bond. The court was bound to take notice of that reversal.
*Ex parte Reeves*, 52 Ala. 394.

Jno. W. A. Sanford, Attorney-General, for the State.

Manning, J.—The undertaking, or recognizance, on
which a judgment *nisi* was taken, and a *scire facias* issued,

and judgment absolute thereupon rendered against appellants in this cause, was entered into under section 4305 of the Revised Code. The principal recognizees had been convicted of petit larceny, and sentenced to pay a fine, at the Spring term, 1875, of Pike Circuit Court; and desiring to appeal to this court, were authorized by the section mentioned to suspend execution until the next term thereafter of the Circuit Court, provided they should "give bail, with sufficient sureties, conditioned [to] appear at that term, and abide the judgment rendered."

By section 4307, referring to this obligation, it is provided that, "when the undertaking of bail is forfeited, by the failure of the defendant to appear according to its terms, the same proceedings must be had thereon as on the forfeiture of other undertakings of bail in the Circuit or City Court"; and by section 4316 it is provided, that if the judgment appealed from is reversed, "the Supreme Court may order a new trial, or that the defendant be discharged, or that he be held in custody until discharged by due course of law, or make such other order as the case may require; and if the defendant is ordered to be *discharged, no forfeiture can be taken on his undertaking of bail.*"

It thus is manifest that the legal effect of such an undertaking is, that the defendants should appear at the next term of the court, to abide "the judgment rendered," if that was affirmed; and also, if that was reversed, and *they were not discharged,* to abide such other judgment as might be rendered in the cause in the Circuit Court; in which latter case, the undertaking would operate as one of ordinary bail, binding defendants to appear and answer to the indictment preferred, or to be preferred against them. And under section 4244 of the Revised Code, it "binds the parties thereto, jointly and severally, for the appearance of the defendants on the first day of the court, from day to day of such term, and from day to day of each term thereafter, until discharged by law; and if the trial is removed to another county, for the appearance of defendants from day to day of each term of the court to which it is removed, until discharged by law." Indeed, "the essence of all undertakings of bail, whether upon a warrant, writ of arrest, suspension of judgment, writ of error, or in any other case, is the appearance of the defendant at court; and the undertaking is forfeited by the failure of the defendant to appear, although the offense, judgment, or other matter, is incorrectly described in such undertaking; the particular case or matter to which the undertaking is applicable being made to appear to the court." § 4245.

It hence is shown that, if the cause in which defendants were required to appear at the Fall term, 1875, was continued, as from the record we infer it was, to the Spring term, 1876, of the Circuit Court (possibly because the Supreme Court had not yet passed judgment on it), the undertaking bound defendants to appear at that term, as the judgment *nisi* recites that it did. That was its legal effect in such a case, under the statutes according to which it was entered into. The plea of *nul tiel record* to the *scire facias*, therefore, was not sustained; because the undertaking was described according to its legal effect. For the same reason, the demurrer to the *scire facias*, upon oyer of the undertaking, for a variance between these two, was properly overruled. The only particular in which there was apparently a *variance* between them, was that the undertaking stipulated for the appearance of the defendants at the Fall term, 1875, of the Circuit Court, while the *scire facias* set forth in its recital of the judgment *nisi* of the Spring term, 1876, that they agreed to appear at that term; which, as we have seen, was the legal effect of the undertaking, according to the statutes, when the cause in which it was given was continued to that term.

The only other ground of demurrer, sufficiently assigned, is, that the judgment in the State case, in which the undertaking was given, and execution was suspended thereby, was reversed in the Supreme Court. But this defense could not be made by demurrer. It should, after oyer of the undertaking, have been set up by plea, and sustained by evidence from the record. The undertaking would have shown, that it required the defendants, not (according to the directions of the statute) to appear and "abide the judgment rendered," but to appear "and abide the judgment rendered at this, the Spring term, 1875;" and if that judgment had been shown to have been in fact reversed, and not affirmed, the defense would probably have been made out. For the stipulation of the undertaking being thus special, and not in the terms of the act, it may be that the sureties would not have been bound to answer for the defendants abiding any other judgment in the cause. This suit, though, is a civil action; and the proceedings of the criminal cause, out of which it arose, should have been brought before the Circuit Court in this cause, by pleading and evidence. It was not thus shown to that court that the judgment referred to was reversed. And since, if there be error, it must be made apparent, and all intendments will be made in favor of supporting the proceedings below, the judgment of the Circuit Court must be affirmed.